UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VICTOR CHAVEZ-GARCIA,<br><br>    Defendant. | Case No. 1:11-cr-00041-DCN-6<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court in the above entitled matter is a request by the Defendant Victor Chavez-Garcia that this Court make a judicial recommendation to the Bureau of Prisons for Chavez to be placed in a "halfway house[1] . . . an additional 30-120 more days . . . bringing the total recommendation to 6-9 months." Dkt 449. Chavez was sentenced to 130 months confinement on November 13, 2012. Dkt. 382. Mr. Chavez's sentence was reduced to 120 months on October 19, 2015, effective November 1, 2015. Chavez's pending motion was filed January 3, 2020.

## II. LEGAL STANDARD

"A person who has been sentenced to a term of imprisonment [in the federal court] . . . shall be committed to the custody of the Bureau of Prisons [("BOP")] until the

---

[1] The Court's authority to make a non-binding judicial recommendation is separate from the Court's authority to review a defendant's sentence and modify that sentence guided by 18 U.S.C. § 3582(c). Here, Chavez has not requested this Court to modify his sentence, but to make a non-binding recommendation to the Bureau of Prisons for additional time in prerelease custody, specifically an RRC. Dkt. 449.

expiration of the term imposed . . . ." 18 U.S.C. § 3621(a). The BOP's authority to place an inmate in prerelease custody, specifically a residential re-entry center ("RRC"), is governed by 18 U.S.C. § 3621(b) and § 3624(c). *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010); *see also* 18 U.S.C. § 3621(b) (The BOP has the authority to "designate the place of [a] prisoner's imprisonment" and to alter the conditions of confinement and release.). The BOP is charged with preparing prisoners for reentry during the final months of imprisonment. *Sacora v. Thomas*, 628 F.3d at 1062 (citing 18 U.S.C. § 3624(c)).

District courts have the authority ". . . to make (or not make) [post judgment] non-binding recommendations to the Bureau of Prisons at any time . . . ." *U.S. v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).[2] *See also U.S. v. Parlin*, 2019 WL 5268542, at *2 (D. N.V. Oct. 17, 2019) (following the *Ceballos* opinion "[a]ccordingly, the court finds that it has the discretion to issue, or not issue, a post-judgment recommendation, and that such a recommendation does not violate the limitations set forth in 18 U.S.C. 3582 and Federal Rules of Criminal Procedure 35 and 36.") Judicial recommendations may and are routinely used to designate a defendant's placement within the custody of the BOP. However, "a district court's recommendation to the Bureau of Prisons is just that—a recommendation. It is not part of the sentence imposed by the district court . . . ." *Ceballos*, 671 F.3d at 856. *U.S. v. Bishop*, 2015 WL 13235851 at *2 (D. Haw. Oct. 2, 2015) (citing *United States v. Landers*, 2013 WL 5530271, at *2 (D. S.C. Oct. 7, 2013).

---

[2] The Court's authority to make a non-binding judicial recommendation is separate from the Court's authority under 18 U.S.C. § 3582(c) to review a defendant's sentence and modify that sentence. Here, Chavez has not requested this Court to modify his sentence, but to make a non-binding recommendation to the Bureau of Prisons for additional time in prerelease custody, specifically an RRC. Dkt. 449.

# III. DISCUSSION

Chavez requests this Court make a recommendation to the BOP that he be placed within an RRC for six to nine months. Dkt. 449. According to Chavez, his case manager, during his sentencing, recommended he be placed within an RRC for four to five months. *Id*. In support of Chavez's request for a judicial recommendation for a longer pre-release custody placement in an RRC, Chavez asserts his goals to reconnect with his child, apply for and maintain part-time employment, and focus on his application to Boise Barber College. *Id*.

While the Court applauds Chavez's stated goals and is sympathetic to his request, Chavez has not presented enough information for the Court to make an informed recommendation. Therefore, the Court concludes the Bureau of Prisons is in the best position to determine the amount of time Chavez should have in pre-release custody under 18 U.S.C. § 3624(c). Accordingly, this Court declines to issue a recommendation to the Bureau of Prisons.

# ORDER

IT IS HEREBY ORDERED:

1. Chavez's Motion for Judicial Recommendation (Dkt. 449) is **DENIED**.

DATED: March 31, 2020

David C. Nye
Chief U.S. District Court Judge